UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMERCE AND INDUSTRY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOSEPH CARTER dba TITAN FRAMING,<br><br>Defendant. | No. 2:15-cv-2059-TLN-KJN<br><br>ORDER |

INTRODUCTION

Presently pending before the court is plaintiff Commerce and Industry Insurance Company's motion for entry of default judgment against defendant Michael Joseph Carter, doing business as Titan Framing. (ECF No. 27.)[1] On June 28, 2017, after defendant failed to oppose plaintiff's motion in accordance with Local Rule 230, the court vacated the hearing on the motion and gave defendant one final opportunity to oppose the motion by July 13, 2017. (ECF No. 28.) Nevertheless, no opposition was ultimately filed.

After carefully considering the written briefing, the court's record, and the applicable law, the court GRANTS plaintiff's motion.

---

[1] Plaintiff, the sole party appearing in this action, consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 30.)

1

BACKGROUND

In 2013, plaintiff, a New York corporation, issued a worker's compensation insurance policy to defendant, a California resident and sole proprietor, covering a period from October 17, 2013, to October 17, 2014 (hereafter referred to as "Policy 1"). (Second Amended Complaint, ECF No. 15 ["SAC"] ¶¶ 1, 2, 7, Ex. A; Declaration of Tammy Tedesco, ECF No. 27-3 ["Tedesco Decl."] ¶ 5, Ex. A.) The policy was subsequently extended to cover a period from October 17, 2014, to October 17, 2015 (hereafter referred to as "Policy 2"). (SAC ¶ 8, Ex. B; Tedesco Decl. ¶ 6, Ex. B.) Both policies were contracts, which required defendant to pay all premiums due in exchange for coverage under the policies. (SAC ¶¶ 10, 11, 17, 18, Exs. A, B; Tedesco Decl. ¶¶ 8, 9, Exs. A, B.) Pursuant to the policies, defendant initially paid an estimated premium at the beginning of the policy periods, which plaintiff calculated based on information provided by defendant. (SAC ¶ 10; Tedesco Decl. ¶ 10.) However, consistent with the policies, the final premium was only determined at the end of each policy period based on an audit of defendant's operations, payroll, and other records and documents. (SAC ¶ 13, Exs. A, B; Tedesco Decl. ¶¶ 10-12, Exs. A, B.) Plaintiff alleges that audits at the end of the policy periods revealed that defendant owed additional premium balances under each policy, but that defendant breached the policies by failing to pay the additional amounts due. (SAC ¶¶ 13-15; Tedesco Decl. ¶¶ 13-20.)

Based on the above, plaintiff commenced this diversity action against defendant on September 30, 2015. (ECF No. 1.) The operative second amended complaint alleges claims for: (1) breach of contract; (2) unjust enrichment; (3) open book; and (4) reasonable value. (ECF No. 15.) Plaintiff seeks compensatory damages or restitution, attorneys' fees, costs, and interest at the legal rate. (Id.) After defendant was properly served with process and failed to appear in the action, the Clerk of Court entered defendant's default upon plaintiff's request. (ECF Nos. 17-19.) The instant motion for default judgment followed. (ECF No. 27.)

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not

automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pled factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pled allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

DISCUSSION

### Appropriateness of the Entry of Default Judgment under the Eitel Factors

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting

3

a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would face prejudice if the court did not enter a default judgment, because plaintiff would be without another recourse against defendant.  As such, the first Eitel factor favors the entry of a default judgment.

        2.     *Factors Two and Three: The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claim and the sufficiency of the complaint together below because of the relatedness of the two inquiries.  The court must consider whether the allegations in the complaint are sufficient to state a claim on which plaintiff may recover.  See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Here, plaintiff has adequately alleged that defendant breached the terms of the insurance policies, which constitute legally binding contracts, by failing to pay plaintiff the additional premium amounts due after appropriate audits were conducted.  As such, plaintiff's breach of contract claim is sufficiently pled and has merit.

Plaintiff's motion for default judgment does not address plaintiff's remaining claims, which essentially represent alternative theories of recovery for the same type of harm.  Therefore, the court declines to analyze plaintiff's remaining claims for purposes of this motion.

In light of the above, the second and third Eitel factors favor the entry of default judgment.

        3.     *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).  In this case, plaintiff seeks over $3,000,000.00, which is plainly a very large sum of money that requires careful scrutiny.  That said, if such amount is properly supported and due under the policies, and defendant failed to meet his obligation to pay it, the large sum of money, by itself, does not preclude the entry of default judgment.

        4.     *Factor Five: The Possibility of a Dispute Concerning Material Facts*

The court may assume the truth of well-pled facts in the complaint (except as to damages)

following the clerk's entry of default, and defendant has not appeared to dispute any such facts. Thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. Accordingly, the fifth Eitel factor favors the entry of default judgment.

        5.     *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Accordingly, the sixth Eitel factor favors the entry of a default judgment.

        6.     *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude entry of default judgment.

In sum, although the large sum of money involved warrants caution, the balance of factors show that plaintiff is entitled to a default judgment.

### Terms of the Judgment to Be Entered

After determining that a party is entitled to the entry of default judgment, the court must determine the terms of the judgment to be entered. Plaintiff's motion for default judgment seeks an award of compensatory damages and prejudgment interest, which were also requested in the complaint.[2] Each form of relief is addressed separately below.

---

[2] Although plaintiff's complaint also sought an award of attorneys' fees and costs, such relief is not requested in plaintiff's motion for default judgment. As such, the court does not evaluate

5

*Compensatory Damages*

In support of its calculation of compensatory damages, plaintiff provided documentation and invoices demonstrating that, after audits were conducted, defendant continues to owe a premium balance due of $1,208,120.00 under Policy 1, and a premium balance due of $1,460,049.00 under Policy 2, for a total of $2,668,169.00. (Tedesco Decl. ¶¶ 14-19, Exs. C-F.)[3] Because defendant has not appeared to oppose plaintiff's calculations, which appear proper in light of the documentation provided, the court awards plaintiff the requested total of $2,668,169.00 in compensatory damages.

*Prejudgment Interest*

"Prejudgment interest in a diversity action is…a substantive matter governed by state law." U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1139 (9th Cir. 2011). Under California law, a person who "is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt." Cal. Civ. Code § 3287(a). If a contract does not stipulate a legal rate of interest, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b).[4]

In this case, the policies required all premiums to be paid "when due." (Tedesco Decl., Ex. A, Part Five, Section D.) According to the final invoices, the outstanding premium amount for Policy 1 was due on April 17, 2015, and the outstanding premium amount for Policy 2 was

---

whether any attorneys' fees and costs should be awarded.

[3] The court notes that the operative second amended complaint only sought $682,725.00 with respect to Policy 2. (ECF No. 15.) However, the second amended complaint also requested an award of "all direct, indirect and consequential damages" (id. at 6); the court ultimately determines the amount of damages due based on the evidence submitted in connection with the motion for default judgment; and plaintiff has adequately demonstrated that an audit of Policy 2 revealed an additional $777,324.00 in premium due, for a total of $1,460.049.00 with respect to Policy 2. (Tedesco Decl. ¶¶ 17-19, Exs. D-F.)

[4] In its motion, plaintiff cites to California Civil Procedure Code section 685.010, which applies to the rate for post-judgment, and not prejudgment, interest. However, because the rate is ultimately the same, plaintiff's incorrect citation does not impact the calculation of interest.

due on June 8, 2016. (Tedesco Decl. ¶¶ 15, 19, Exs. C, F.) The policies do not appear to specify a prejudgment interest rate, and thus the statutory 10 percent interest rate applies. Based on the above dates and interest rate, plaintiff requests an award of prejudgment interest through the filing date of its motion for default judgment (June 2, 2017) in the amounts of $250,229.80 for Policy 1, and $143,604.81 for Policy 2, for a total of $393,834.61 in prejudgment interest. Because plaintiff's request appears to be supported by the record and by the proper analysis, and defendant has not appeared to oppose the request, plaintiff is awarded a total of $393,834.61 in prejudgment interest.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 27) is GRANTED.
2. Judgment is entered in plaintiff's favor and against defendant.
3. Plaintiff is awarded $2,668,169.00 in compensatory damages, and $393,834.61 in prejudgment interest, for a total amount of $3,062,003.61.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: October 2, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE